# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY ANN MILES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-16-1229-CG |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Mary Ann Miles brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. The parties have consented to the jurisdiction of a United States Magistrate Judge. Upon review of the administrative record (Doc. No. 11, hereinafter "R. _"),[1] and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff filed her SSI application on December 23, 2013, alleging disability due to problems with her feet and knees. R. 11, 139, 156. Plaintiff ultimately alleged August 1, 2014, to be her disability-onset date. R. 11, 26. Following denial of her application initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ")

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

on June 5, 2015. R. 22-61, 72-74. In addition to Plaintiff, a vocational expert ("VE") testified at the hearing. R. 22, 26-36. The ALJ issued an unfavorable decision on June 23, 2015. R. 8-21.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since filing her application. R. 13. At step two, the ALJ determined that Plaintiff had the severe impairments of osteoarthritis of both knees and obesity. The ALJ also determined that Plaintiff's diabetes was nonsevere in nature and that Plaintiff had no medically determinable impairment to her hands. R. 13. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 13-14.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her medically determinable impairments. R. 14-16. The ALJ found that Plaintiff has the RFC to perform light work, i.e.: "to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for about 6 hours in an 8-hour workday; and sit for about 6 hours in an 8-hour workday." R. 14 (citing 20 C.F.R. § 416.967(b)). At step four, the ALJ found that Plaintiff had no past relevant work. R. 16.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. R. 17. Relying upon the VE's testimony regarding the degree of erosion to the unskilled light occupational base caused by Plaintiff's

2

additional limitations, the ALJ concluded that Plaintiff could perform light occupations such as food preparer[2] and bench assembler,[3] and that such occupations offer jobs that exist in significant numbers in the national economy. R. 17. Therefore, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 18.

Plaintiff's request for review by the SSA Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. *See* R. 1-5; 20 C.F.R. § 416.1481.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa*, 569 F.3d at 1169. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is

---

[2] At the hearing, the VE identified this occupation as "light, unskilled food preparation" with the *Dictionary of Occupational Titles* ("DOT") number "311.473-010." R. 35. The ALJ identified the occupation as "food preparer" and cited the same DOT number. R. 17. No such number exists in the DOT, but it appears that the VE and ALJ were referring to the light, unskilled occupation of Fast-Foods Worker, which has the DOT number of 311.472-010. *See* DOT 311.472-010 (Fast-Foods Worker) (4th rev. ed. 1991), 1991 WL 672682. The ALJ's error in this regard was harmless. *See Poppa v. Astrue*, 569 F.3d 1167, 1172 n.5 (10th Cir. 2009) (dismissing import of ALJ's scrivener's error); *Cochran v. Colvin*, No. CIV-13-1238-F, 2015 WL 1308381, at *6 (W.D. Okla. Mar. 23, 2015) (finding typographical error in cited DOT number harmless).

[3] *See* DOT 780.684-062 (Fabricator, Foam Rubber), 1991 WL 680789.

3

overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ANALYSIS

In this action, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence and that, in light of the allegedly-proper finding that Plaintiff can only perform sedentary work, a determination of "disabled" was required upon application of the Medical-Vocational Guidelines (the "Grids," *see* 20 C.F.R. pt. 404, subpart P app. 2). *See* Pl.'s Br. (Doc. No. 15) at 9-19.

I. *Whether the RFC Determination Is Based on Proper Legal Standards and Supported by Substantial Evidence*

Plaintiff presents three challenges to the ALJ's RFC findings. The undersigned addresses each below.

A. <u>The ALJ's Evaluation of the Consulting Physicians' Opinions</u>

*1. Relevant Background*

After Plaintiff filed her SSI application, two state-agency consulting physicians each issued a written Physical RFC Assessment regarding Plaintiff. *See* R. 43-45, 53-54. On March 19, 2014, a physician identified as "DMB" opined, based on his/her review of the evidence on file, that Plaintiff was able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit about 6 hours in an 8-hour workday, and push and/or pull without limitation. R. 44-45. Dr. DMB found that Plaintiff could stand and/or walk for a total of 4 hours in a workday. R. 44. Dr. DMB additionally identified several postural limitations, finding that Plaintiff could: occasionally climb ramps/stairs, kneel, crouch, and crawl, and never climb ladders/ropes/scaffolds. R. 44.

On June 6, 2014, a physician identified as "RPP" completed a Physical RFC Assessment and likewise found that Plaintiff could lift/carry 20 and 10 pounds, sit 6 hours, and push and/or pull with no limitations. R. 53-54. In contrast to Dr. DMB's assessment, Dr. RPP found that Plaintiff could stand and/or walk for 6 hours in a workday and had no postural limitations. R. 53-54.

Each of these Physical RFC Assessments is set forth in a Disability Determination Explanation ("DDE") sent to Plaintiff, the first following the initial denial of her applications for benefits and the second following the subsequent denial of her request for reconsideration. R. 40-47, 49-57. Also included in each DDE is an Assessment of Vocational Factors. R. 45-47, 54-56. Each Assessment of Vocational Factors states

5

Plaintiff has "demonstrate[d] the maximum sustained work capability" for sedentary work. R. 46, 55-56.

> The ALJ addressed both Physical RFC Assessments in detail:
>
> Two medical experts with the State Agency determined that the claimant could perform light work activity with occasional climbing of ramps and stairs, kneeling, crouching, crawling; no climbing of ladders, ropes, or scaffolds; and frequent stooping and balancing.[4] At the initial determination, a medical expert with the State Agency determined that the claimant could stand and/or walk for a total of 4 hours in an 8-hour workday. However, on reconsideration another medical expert with the State Agency determined that the claimant could stand and/or walk for about 6 hours in an 8-hour workday. The [ALJ] has accorded significant weight to the opinions of the State Agency medical consultants because they are deemed experts and highly knowledgeable in the area of disability and because their opinions are well supported by medically acceptable clinical and laboratory techniques and largely consistent with the record as a whole as detailed above. However, the objective medical evidence is more persuasive that the claimant can walk for 6 hours rather than 4 because objective evidence has shown only minimal findings on physical examination. On September 9, 2014, physical examination showed full range of motion and 5/5 strength in all extremities, and mild crepitus in both knees with no swelling or joint laxity in either knee. The claimant was able to ambulate well without assistance. In addition, as noted above, the claimant's daily activities are consistent with the ability to walk for 6 hours in an 8-hour workday.

R. 16 (citing Exs. 2A, 4A, 5F (R. 242-83)). As set forth above, the ALJ ultimately found that Plaintiff retained the ability to perform light work, which requires standing and/or walking for approximately 6 hours in an 8-hour workday. *See* R. 14; SSR 83-10, 1983 WL 31251, at *6 (1983).

---

[4] As noted by Plaintiff, the ALJ's statement that these postural limitations were found by both consulting physicians, rather than just Dr. DMB, is incorrect. *See* R. 43-45, 53-54. The mistake, however, did not prejudice Plaintiff.

## 2. *The Alleged Opinion that Plaintiff Is Limited to Sedentary Work*

Plaintiff's primary objection to the ALJ's treatment of the opinions of Drs. DMB and RPP is that the ALJ "ignore[d]" these consulting physicians' "shared opinion that [Plaintiff] demonstrates the maximum sustained work capacity for sedentary work" and that the ALJ therefore improperly picked and chose among aspects of their opinions. Pl.'s Br. at 13; *see also id.* at 10-15 (citing *Hardman v. Barnhart*, 362 F.3d 676 (10th Cir. 2004); *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007)). This objection is meritless, however, because the "sedentary" notations within the Assessments of Vocational Factors cannot reasonably be viewed as part of the physicians' medical opinions.

Each DDE was made by a state-agency consulting physician and a state-agency disability examiner. *See* 20 C.F.R. § 416.1015(c)(1); R. 47, 56-57 (reflecting that the determinations were signed by both the medical consultant and the disability examiner). For such decisions, the medical consultant "is responsible for assessing [the claimant's] residual functional capacity." 20 C.F.R. §416.946(a). "The medical consultant completes the *medical portion* of the case review and *any applicable residual functional capacity assessment* about all physical impairment(s) in a claim." 20 C.F.R. § 416.1016(a) (emphasis added). The disability examiner "[e]valuate[s] the vocational aspects of the case," including determination of whether the claimant can perform past relevant work or can adjust to other work. Soc. Security Admin., *Program Operations Manual System* ("POMS"), ch. DI, subchapter 24501.001(B)(1)(c).[5]

---

[5] https://secure.ssa.gov/poms.nsf/lnx/0424501001. The POMS is a set of policies issued by the SSA for use in processing claims. *Jaramillo v. Colvin*, 576 F. App'x 870, 875 n.3

7

In accordance with that division of responsibilities, the Physical RFC Assessments of Drs. DMB and RPP were separately signed by them. *See* R. 45, 54. The physicians signed at the conclusion of the DDE along with the disability examiners but, unlike the Physical RFC Assessments, did not separately sign the Assessment of Vocational Factors. *See* R. 47, 56. Thus, the regulatory scheme and the DDEs themselves reflect that the medical opinions of consulting physicians Dr. DMB and Dr. RPP are set forth in the Physical RFC Assessments and not the Assessments of Vocational Factors. Plaintiff has not shown that the ALJ was required to explicitly address the light/sedentary inconsistency between the Physical RFC Assessments and the Assessments of Vocational Factors or that, in failing to do so, the ALJ improperly ignored or selectively relied on aspects of those physicians' opinions.

Moreover, in focusing on the Physical RFC Assessments, the ALJ addressed the opinions of Drs. DMB and RPP *regarding Plaintiff's ability to perform or not perform specific functions*, regardless of any conclusory notation of light or sedentary work. On a function-by-function basis, these physicians' assessments are consistent with light work, with the exception of Dr. DMB's finding of a limitation to four hours standing and/or walking. *See* R. 44-45, 53-54. As quoted above, the ALJ discussed the physicians' opinions and explained his rejection of a limitation to four hours standing and/or walking.

---

(10th Cir. 2014). The Tenth Circuit "defers to the POMS provisions unless [the court] determine[s] they are arbitrary, capricious, or contrary to law." *Id.* (alteration and internal quotation marks omitted).

R. 16. Plaintiff has not shown that the ALJ's evaluation of the state-agency consulting physicians' opinions is inadequate or otherwise undermines the RFC determination.

### 3. Postural Limitations

Plaintiff further contends that the ALJ erred by excluding from the RFC Dr. DMB's findings that Plaintiff has postural limitations, specifically in the areas of climbing, kneeling, crawling, and balancing. *See* Pl.'s Br. at 13-15. *Compare* R. 16, *with* R. 44. Any error in making or explaining that determination, however, would be harmless because neither of the occupations relied on by the ALJ at step five requires the implicated abilities. *See* DOT 311.472-010 (Fast-Foods Worker), 1991 WL 672682; DOT 780.684-062 (Fabricator, Foam Rubber), 1991 WL 680789; *Lane v. Colvin*, 643 F. App'x. 766, 768-70 (10th Cir. 2016) (holding that any error in ALJ's failure to adopt as part of RFC a limitation found by a consulting physician was harmless where "the capacity required to do the jobs identified by the ALJ is not contrary to [that limitation]"); *Bryant v. Berryhill*, No. CIV-15-1151-HE, 2017 WL 401263, at *4 (W.D. Okla. Jan. 30, 2017) (holding that "any error in failing to provide a 'specific, legitimate reason' for rejecting [postural and other limitations found by physician] is . . . harmless because there is no discrepancy between any of those limitations and the requirements of the job to which the ALJ found Plaintiff was able to return").

### B. The ALJ's Determination that Plaintiff Can Perform Light Work

Plaintiff more generally objects that the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff asserts that because she is unable to stand or walk for six hours out of an eight-hour workday, as found by the ALJ, the appropriate

RFC was for sedentary rather than light work. *See* Pl.'s Br. at 17-19. As noted above, in evaluating whether an RFC determination is supported by substantial evidence, a reviewing court defers to the ALJ's determination so long as "there is a mere scintilla of evidence supporting it" and it is not "overwhelmed by other evidence in the record." *Branum*, 385 F.3d at 1270 (internal quotation marks omitted).

Plaintiff contends that the ALJ's finding that she can stand or walk for six hours out of an eight-hour workday is contrary to: (i) the Assessments of Vocational Factors within the state-agency DDEs, and (ii) her own self-reports and testimony regarding problems with walking and standing. *See* Pl.'s Br. at 13-14, 17-19. As noted above, Plaintiff has not shown any error with the ALJ's consideration of the vocational assessments, and the ALJ expressly considered—but discounted the credibility of—Plaintiff's statements regarding her symptoms. *See* R. 14-16. More significantly, the ALJ also provided a detailed explanation, supported by the record and quoted above, for favoring the opinion that Plaintiff can stand and/or walk six hours a day over the opinion that a four-hour limitation was required. R. 16. The Court may not reweigh those opinions or override the ALJ's judgment in this regard. *See Bowman*, 511 F.3d at 1272.

Further, Plaintiff asserts that the ALJ improperly relied upon evidence of Plaintiff's daily activities as support for the RFC. It is true that a claimant's activities of daily living do not, by themselves, determine the claimant's ability to work, as "sporadic performance of household tasks or work does not establish that a person is capable of engaging in substantial gainful activity." *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (alternation omitted); *accord Gossett v. Brown*, 862 F.2d 802, 807 (10th Cir. 1988)

10

("[E]vidence that a claimant engages in limited activities . . . does not establish that the claimant can engage in light or sedentary work activity."). However, Plaintiff's own characterization of her activities shows that they were far from "sporadic": Plaintiff reported that she had no problems with personal care, cared for two grandchildren all day, prepared complete meals for her family, cleaned the residence and did laundry, shopped for groceries four times a week, and went to her grandchildren's sporting events twice a week and the community hall on a regular basis. R. 172-75. There was no error in the ALJ's consideration of Plaintiff's self-described "daily activities." 20 C.F.R. § 426.929(c)(3); *see, e.g.*, *Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010); *Rabon v. Astrue*, 464 F. App'x 732, 735 (10th Cir. 2012).

Finally, pointing to one aspect of the ALJ's analysis—in which the ALJ noted Plaintiff's minimal medical treatment and largely normal physical-examination findings and concluded that "the objective evidence does not show any significant findings that would limit the claimant to less than light work activity," R. 16—Plaintiff argues that the ALJ failed to comply with the directive of the SSA that "an ALJ can rely solely on the objective medical evidence only when the objective medical evidence supports a finding the claimant is disabled." Pl.'s Br. at 18 (citing SSR 96-7p, 1996 WL 374186 (July 2, 1996), *superseded by* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017)). The applicable Ruling did prescribe that "[i]f an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record." SSR 96-7p, 1996 WL 374186, at *4. Here, however, the ALJ did not evaluate Plaintiff's statements based solely on objective medical evidence.

11

Rather, the ALJ's decision reflects that, in addition to the objective evidence, the ALJ considered Plaintiff's testimony and self-reports, as well as the fact that Plaintiff's "treating physicians did not place any functional restrictions on her activities that would preclude" Plaintiff from carrying out light work. R. 16; *see* R. 14-16. The ALJ's statement that certain findings are lacking does not demonstrate that the ALJ failed to consider the remainder of the record or failed to comply with Social Security Ruling 96-7p.

In sum, the ALJ cited properly considered evidence that Plaintiff can perform light work, and the contrary evidence cited by Plaintiff is not "overwhelm[ing]" such as would cause the Court to reject the ALJ's conclusion. *Branum*, 385 F.3d at 1270 (internal quotation marks omitted). Plaintiff thus fails to show that the ALJ's determination that Plaintiff can perform light work is not supported by substantial evidence in the record.

C. The ALJ's Consideration of Plaintiff's Obesity

Plaintiff contends that the ALJ's analysis of Plaintiff's obesity was inadequate and failed to consider the effects of Plaintiff's obesity throughout the sequential evaluation process, as required by Social Security Ruling 02-1p. *See* Pl.'s Br. at 15-17; SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002).

In the written decision, the ALJ found at step two that Plaintiff's obesity was a severe impairment. R. 13. At step three, the ALJ noted that he "placed emphasis on Social Security Ruling 02-1p" "and the combined effects of obesity with the . . . physical impairments, and any additional and cumulative effects of the obesity on the claimant's impairments." R. 14. The ALJ specifically discussed evidence and testimony reflecting Plaintiff's obesity in the course of formulating the RFC. *See* R. 14-16. The ALJ noted

Plaintiff's testimony "that she has a hard time bending and her weight causes pain." R. 15; *see* R. 32 (Plaintiff answering in the affirmative when asked if her weight compounds her problems or causes additional pain). The ALJ found Plaintiff's statements concerning the limiting effects of her symptoms to be "not entirely credible." R. 15.

Plaintiff points to no omitted functional limitation that was necessary in light of her obesity and fails to cite any specific evidence beyond her testimony to support the proposition that her obesity "alone, or in combination with other impairments, resulted in any further limitations" or precluded her from performing light work. *Smith v. Colvin*, 625 F. App'x 896, 899 (10th Cir. 2015) (citing SSR 02-1p, 2002 WL 34686281); *see* Pl.'s Br. at 15-17; *see also Callicoatt v. Astrue*, 296 F. App'x 700, 702 (10th Cir. 2008) (rejecting challenge to ALJ's failure to consider claimant's obesity where claimant pointed to no evidence or testimony "showing that her obesity exacerbated her other impairments"); *Woods v. Colvin*, No. CIV-13-763-HE, 2014 WL 2801301, at *5 (W.D. Okla. May 28, 2014) (R. & R.) (rejecting claimant's challenge to ALJ's consideration of obesity where claimant "fail[ed] to state what 'sufficient limitations' the ALJ *should* have included"), *adopted*, 2014 WL 2801304 (W.D. Okla. June 19, 2014). As a result, "Plaintiff's argument is essentially a complaint that the ALJ should have been 'required to note the absence of any evidence that [Plaintiff's] obesity resulted in additional functional limitations or exacerbated any other impairments'—a proposition that has been rejected by the Tenth Circuit." *Cruz v. Berryhill*, No. CIV-16-621-R, 2017 WL 4159399, at *9 (W.D. Okla. Aug. 31, 2017) (R. & R.) (citing *Smith*, 625 F. App'x at 899), *adopted*, 2017 WL 4158655 (W.D.

Okla. Sept. 19, 2017). Plaintiff has not shown that the ALJ erred in this respect or that the ALJ's treatment of this issue renders the RFC unsupported by substantial evidence.

II. *Application of the Medical-Vocational Guidelines*

Finally, Plaintiff argues that the ALJ erred at step five because the Grids dictate a finding of disabled for an individual closely approaching advanced age with Plaintiff's background and a limitation to sedentary work.[6] *See* Pl.'s Br. at 19 (citing 20 C.F.R. pt. 404, subpart P app. 2, tbl.1 r. 201.09). As outlined above, however, the ALJ's finding that Plaintiff was able to perform light work is supported by substantial evidence in the record. The Grids do not dictate a finding of disabled for someone closely approaching advanced age and with Plaintiff's background who is able to perform light work. *See* 20 C.F.R. pt. 404, subpart P app. 2, tbl.2 r. 202.10. Plaintiff has shown no reversible error here.

---

[6] The SSA Regulations require age to be considered as a vocational factor and define three age categories: (i) a younger person (age 18-49); (ii) a person closely approaching advanced age (age 50-54); and (iii) a person of advanced age (age 55 and older). *See* 20 C.F.R. § 416.963. The ALJ noted that Plaintiff was 49 years old when she filed her SSI application, citing § 416.963 to find that Plaintiff was "a younger individual." R. 17. But by the time the written decision was issued, Plaintiff had turned 50 and thus was a person closely approaching advanced age. R. 17 (noting Plaintiff's date of birth as September 26, 1964), 18 (ALJ's decision issued June 23, 2015). The ALJ likely erred by not using "*each* of the age categories that applie[d] to [Plaintiff]" during the relevant time period in determining whether Plaintiff was disabled, as prescribed by regulation. 20 C.F.R. § 416.963(b) (emphasis added). However, Plaintiff does not raise the error as a basis for remand and any error appears to be harmless: Plaintiff was properly found to retain an RFC for light work, and the Grids do not direct a finding of disabled for an individual with this RFC and Plaintiff's background even when that individual has aged out of the "younger" category. *See* 20 C.F.R. pt. 404, subpart P app. 2, tbl.2 r. 202.10.

CONCLUSION

The decision of the Commissioner is AFFIRMED. Judgment shall issue accordingly.

ENTERED this 12th day of March, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE